AO 106 (Rev. 04/10) Application for a Search Warrant                    AUTHORIZED AND APPROVED/DATE: _Chelsey Pratt_ 2/7/22

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of  )
*(Briefly describe the property to be searched or identify the person by name and address)*  )
A BLACK SAMSUNG WIRELESS CELL PHONE IMEI 354150874266245 EQUIPPED WITH 32GB SANDISK MEMORY CARD AND SIM CARD 89012402281356448455  )

Case No. M-22-__74__-SM

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the __Western__ District of __Oklahoma__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of a Controlled Substance with Intent to Distribute |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:

See attached Affidaivt

☒ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

CHRIS NICHOLSON, United States Postal Inspector
Printed name and title

Sworn to before me and signed in my presence.

Date: February 7, 2022

_____
Judge's signature

City and state: Oklahoma City, Oklahoma         SUZANNE MITCHELL, U.S. MAGISTRATE JUDGE
Printed name and title

IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A BLACK SAMSUNG WIRELESS CELL PHONE IMEI 354150874266245 EQUIPPED WITH 32GB SANDISK MEMORY CARD AND SIM CARD 8901240228135644845 | ) ) ) ) ) ) |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Chris Nicholson, being duly sworn, do hereby depose and state:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I am a Postal Inspector with the United States Postal Inspection Service (USPIS) and have been so employed since December 2021. I am currently assigned to the USPIS Fort Worth Division domiciled in Oklahoma City, Oklahoma. I am responsible for conducting investigations of crimes against the United States Mail in violation of federal law(s). My duties include the investigation of illegal mailings and the receipt of controlled substances, possession of which violates Title 21, United States Code, Sections 841(a)(1) and 846.

2.      Prior to working as an Inspector for the USPIS, I gained investigative experience while employed as a Federal Agent with the Naval Criminal Investigative Service (NCIS) from September 2017 to December 2021. During employment as a NCIS Special Agent, my duties included, but were not limited to, investigating crimes committed against United States Navy assets and personnel worldwide. My experience includes the successful resolution of a full range of criminal investigations to include illegal drugs,

larceny, sexual assault, aggravated assault, and child exploitation. My investigative experience with NCIS has also been supplemented with numerous hours of participation with local and state law enforcement task forces to stay apprised of evolving criminal methodology. Some of my investigative experience comes from service prior to NCIS when I held employment with the Dallas Police Department (DPD) from March 2007 to July 2013 as a Police Officer certified by the Texas Commission on Law Enforcement Standards and Education Basic Training Academy. During my time with DPD, I held investigative positions within narcotics, organized crime, and fugitive recovery squads while working in a plain clothes capacity. My employment with DPD also required yearly in-service training, which included drug field testing, warrant execution tactics, gang identification, and surveillance. As a Federal Agent, I have also competed the Criminal Investigator Training Program and NCIS Special Agent Basic Training Academy at the Federal Law Enforcement Training Center (FLETC), in Brunswick, Georgia, which included instruction in the investigation of federal, state, and local crimes.

3. While employed in a law enforcement capacity, I have made countless arrests for the aforementioned criminal activities and participated in the execution of approximately 100 search and seizure warrants authorized by federal and state judges. Throughout the last 15 years of my law enforcement career, I have conducted and assisted in numerous activities, to include, but not limited to, investigations, interviews, arrests, and the execution of search and seizure warrants, for crimes to include those involving drugs.

4. The information contained in this Affidavit is submitted for the limited purpose of establishing probable cause to secure a search warrant for: A Black Samsung

2

Wireless cell phone (herein referred to as "**TARGET DEVICE**") as further described in **Attachment A** (physical description), for evidence of violations of federal law, to wit: 21 U.S.C. § 846, Drug Conspiracy, and 21 U.S.C. § 841, Possession with Intent to Distribute Controlled Substances, as described further in **Attachment B** (description of items to be seized). The **TARGET DEVICE** is: A Black Samsung Wireless cell phone, displaying the IMEI number 354150874266245. The **TARGET DEVICE** is locked, preventing investigators from obtaining additional specific identifying phone information such as a model or serial number. The **TARGET DEVICE** is currently located in the custody of the United States Postal Inspection Service at 6500 Air Cargo Road, Oklahoma City, Oklahoma 73195 (Western District of Oklahoma).

5. This Affidavit is based upon your Affiant's personal investigation and information received from other law enforcement officers and agents and may not be inclusive of all evidence or information available or of all facts known to me relative to this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause for the requested warrant.

## BACKGROUND REGARDING CELLULAR DEVICES

6. Based upon my training and experience, your Affiant is aware:

   a. Individuals involved in trafficking illegal drugs often use cellular phones to maintain contact with co-conspirators, including suppliers, transporters/couriers, distributors, and purchasers of illegal drugs. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence,

3

      fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, voicemail, e-mail messages, call logs, photographs, messaging applications, and videos.

b.   Drug dealers often drop or switch phones in order to avoid detection by law enforcement, and drug dealers often have multiple phones that they use for different co-conspirators in order to separate their drug dealing.

c.   Drug dealers often keep old cellular phones no longer in use in order to save telephone numbers of co-conspirators, as well as other relevant information including text messages and photographs.

d.   Individuals involved with sending/receiving controlled substances through the U.S. Mail will often utilize their cellular phones to access the internet in order to search for parcel tracking numbers and/or to receive parcel tracking status updates identifying the arrival of suspect parcels.

e.   Drug dealers and users oftentimes have stored photographs, videos and/or text and voice messages maintained on their cell phones which are associated with the use and distribution of controlled dangerous substances and proceeds derived therefrom for their own records and for the purpose of furthering their drug distribution activity.

  f. Drug dealers and users will often use coded words and phrases, as well as extremely vague conversations, in order to discuss their plans and prevent anyone from overhearing their conversations and from recognizing that the conversations concern a criminal drug conspiracy.

  g. Prospective drug purchasers, recipients, and/or users will often telephone or message the drug distributor to obtain permission to come to the distributor's location, *i.e.* his business, residence, a meeting location, *etc.*, to obtain the drug.

  h. Drug dealers will often have "salespeople" bring prospective drug purchasers to him or her and these "salespeople" will receive payment in cash, or in kind (a quantity of drugs), for bringing drug users/buyers to the distributor. These "salespeople" often use their cellular phone to contact the drug dealer by voice or text message to arrange these meetings.

## PROBABLE CAUSE

7. On January 22, 2022, the USPIS located Priority Mail parcel 9505 5138 1164 2020 6013 46, weighing approximately 10lbs 4oz, sent from Calexico, California. The parcel displayed no receiving name, but was addressed to 2121 NW 11th St, Oklahoma City, OK 73107. The parcel displayed indicators which were consistent with the shipment of controlled dangerous substances and so it was removed from the mail stream for further investigation. A utilities check of this address was performed, revealing registration to Julie Brown and federal

search warrant M-22-47-SM was ultimately obtained for the parcel. A search of the parcel revealed eight individually wrapped "bundles" containing a clear crystalline substance consistent with the appearance of methamphetamine. A methamphetamine presumptive field test was conducted on a portion of the substances contained within one of the bundles which subsequently displayed a positive result for methamphetamine. The eight "bundles" had a combined approximate weight of 3,643 grams (including packaging). Based on my training and experience, the weight of the methamphetamine, combined with its bulk packaging in individual bundles, is consistent with trafficking in illegal drugs and not personal use.

8. On January 24, 2022, an anticipatory search warrant for 2121 NW 11th Street, Oklahoma City, Oklahoma 73107 was obtained. On January 25, 2022, investigators participated in a controlled delivery operation of the suspect parcel, which included one bundle of the methamphetamine along with seven bundles of "sham" substance to replicate the original weight. USPIS then acted in an undercover capacity as a US Mail carrier to conduct the controlled delivery of Priority Mail parcel 9505 5138 1164 2020 6013 46 to 2121 NW 11th Street, Oklahoma City, Oklahoma 73107. The parcel was placed on the front porch and was ultimately taken inside the residence by an occupant of the house.

9. Once the parcel entered the residence, the anticipatory search warrant was executed by members of the Oklahoma City Police Department (OCPD) and USPIS. Occupants of the residence were called out of the house through the front door. Three of the occupants were identified as Patrick Hopkins, Julie Brown and her adult son, **Jarret Shultz**, who were detained for further investigation. The search of 2121 NW 11th Street, Oklahoma City, Oklahoma 73107 commenced, revealing the open Priority Mail parcel 9505 5138 1164

2020 6013 46 in the Northeast corner bedroom. Some of the bundles from inside the parcel were located on the bed and other items in the room included Julie Brown's cell phone, three firearms, ammunition, three digital scales, a plastic bag containing approximately 13 grams of a clear crystalline substance, and a cell phone suspected of belonging to another occupant, identified as Brown's boyfriend, Patrick Hopkins. A search of the north converted bedroom area was also conducted, revealing a plastic bag containing a crystalline substance suspected to contain methamphetamine with an approximate weight of 2.4 grams. The substance was located on top of a table and also located in the room was a United Parcel Service ID bearing the picture and name of **Jarett Shultz**. The **TARGET DEVICE** was located inside the room near a bed and was plugged into a wall outlet. Subsequent to being read his Miranda rights, **Jarett Shultz** identified the phone as belonging to him and further advised that he brought the package into the house and gave it to Patrick Hopkins, who took it into the northeast bedroom and opened it. Upon viewing Patrick Hopkins open the box, **Jarett Shultz** stated the contents looked like meth or fentanyl. A criminal history inquiry was later performed on **Jarett Shultz,** revealing an arrest in 2019 for possession of a controlled dangerous substance.

### ELECTRONIC STORAGE AND FORENSIC ANALYSIS

10. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

   a. *Forensic evidence.* This application seeks permission to locate not only electronically stored information that might serve as direct

7

        evidence of the crimes described in the warrant, but also forensic evidence that establishes how the **TARGET DEVICE** was used, the purpose of its use, who used it, and when.

   b.   *Nature of examination.* The examination may require authorities to employ techniques, including but not limited to, computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

   c.   *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto any premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## MANNER OF SEARCH AS TO VIDEOS, PHOTOGRAPHS, AND STORED COMMUNICATIONS

11. Your Affiant would note that based upon his aforementioned training and experience, relevant and/or incriminating text or voice messages, videos, and photographs oftentimes are comingled on cellular telephones and electronic handheld devices with text messages, videos, and photographs which do not have an evidentiary value. However, criminals engaged in communications furthering the nature of their criminal enterprise often use cryptic, guarded, or otherwise coded jargon, which is often utilized to conceal the

nature of their illegal communication. As a result, a limited review of the content of each communication will be necessary to determine the nature of the communication and whether it is relevant to that information particularly set forth above within this affidavit.

12. Searching the **TARGET DEVICE** for the evidence described above may require a range of data analysis techniques. In some cases, it is possible for agents to conduct carefully targeted searches that can locate evidence without requiring a time-consuming manual search through unrelated materials that may be commingled with criminal evidence. For example, agents may be able to execute a 'keyword" search that searches through the files stored in an electronic device for special words that are likely to appear only in the materials covered by a warrant. Similarly, officers may be able to locate the materials covered in the warrant by looking for particular directory or file names. In other cases, however, such techniques may not yield the evidence described in the warrant. Criminals can mislabel or hide files to evade detection, or take other steps designed to frustrate law enforcement searches for information. These steps may require officers to conduct more extensive searches, such as scanning areas of the device's memory not allocated to listed files or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques necessary to locate and retrieve the evidence described above.

## AUTHORIZATION REQUESTS

13. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and

instrumentalities of these offenses are located on the **TARGET DEVICE** believed to belong to **Jarret Schultz**. Therefore, I respectfully request that this Court issue a search warrant for the **TARGET DEVICE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

_____
CHRIS NICHOLSON
United States Postal Inspector
United States Postal Inspection Service

Sworn and subscribed to before me this __7th__ day of February, 2022.

_____
SUZANNE MITCHELL
United States Magistrate Judge
Western District of Oklahoma

## ATTACHMENT A

**TARGET DEVICE**: A Black Samsung Wireless cell phone, displaying IMEI number 354150874266245 equipped with a 32GB SanDisk memory card and SIM card 8901240228135644845. The **TARGET DEVICE** is locked, preventing investigators from obtaining additional specific identifying phone information such as a model or serial number. The **TARGET DEVICE** is currently located in the custody of the United States Postal Inspection Service at 6500 Air Cargo Road, Oklahoma City, Oklahoma 73195 (Western District of Oklahoma).



1

## ATTACHMENT "B"

All records on the **TARGET DEVICE** described in Attachment A that relate to violations of law, including violations of 21 U.S.C. § 846, Drug Conspiracy, and 21 U.S.C. § 841, Possession with Intent to Distribute Controlled Substances, involving Jarret Schultz and possible co-conspirators. These records include:

    a.    Stored communications such as voice recordings/messages, text messages (SMS) and multimedia messages (MMS), emails and attachments, read or unread, which relate to and provide evidence of criminal activity described in this affidavit;

    b.    Stored communications, voice or text based, located within downloadable messaging applications or social media applications;

    c.    All internet usage history that may reveal evidence of drug trafficking, such as package tracking, internet mail communications, electronic payment receipts, etc.;

    d.    Call logs/histories depicting incoming/outgoing numbers dialed to and from the **TARGET DEVICE**;

    e.    Internet World Wide Web (WWW) browser files including browser history, browser cache, browser favorites, auto-complete form history and stored passwords;

    f.    Contacts, address books, calendars, customer lists and related identifying information such as names, nicknames and/or monikers within the **TARGET DEVICE** which relate to and provide evidence

of drug trafficking;

g. Photographs, audio, and video recordings with their associated metadata;

h. Stored location information including global positioning system (GPS) data indicating coordinates, way points, tracks and locations in which the **TARGET DEVICE** has traveled; and,

i. Evidence of user attribution showing who used or owned the **TARGET DEVICE** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.